IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRYANT ELLIOTT DAVIDSON, #320951 * <br> aka BRYANT ELLIOTT DAVIS <br>     Plaintiff,                         * <br>        v.                                 *    Civil Action No. WDQ-07-1972 <br> STATE OF MARYLAND, et al.,        * <br>     Defendants.                        * <br>                                      ******| |

**MEMORANDUM**

In this 42 U.S.C. § 1983 action, Plaintiff alleges that his constitutional rights were violated during state court criminal proceedings by the State's Attorneys Offices of Montgomery County, Prince George's County and Baltimore City. Paper No. 1. Because he appears indigent, Plaintiff shall be granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court concludes that dismissal is appropriate.

Plaintiff again asserts that the State's Attorneys Offices violated his constitutional rights during the prosecution of his criminal case due to the prosecutors' failure to disclose a "liars list" relative to improper activity by Baltimore City "Flex Squad" Police. Paper No. 1. As in the past, Plaintiff has not alleged that Defendants were aware of any specific improprieties in his case.[1]

As Plaintiff is aware, prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process...." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *Springmen v.*

---

[1] Plaintiff's allegations are virtually identical to those he put forward in *Davis v. Leatherwood*, Civil Action No. WDQ-07-223 (D. Md. 2007), which was dismissed sua sponte by this Court. They are also similar to the allegations raised in *Davis v. United States*, Civil Action No. WDQ-07-1433 (D. Md. 2007) and *Davis v. United States*, Civil Action No. WDQ-07-1638 (D. Md. 2007), which were also dismissed sua sponte.

*Williams*, 122 F.3d 211, 213 (4th Cir. 1997).  Here the alleged conduct, failure to properly disclose a "liars list" is "intimately associated with the judicial phase of the criminal process" and thus is entitled to absolute prosecutorial immunity.  *Imbler*, 424 U.S. at 430.  For this reason, Plaintiff's claims against the State's Attorneys are subject to dismissal.

Moreover, it remains unclear based on the record before the Court whether Plaintiff has been convicted of the crimes for which he was arrested and tried.[2]  As Plaintiff has previously been advised, a plaintiff who seeks to recover damages under § 1983 for a false arrest, the unlawfulness of which would render a conviction or sentence invalid, must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994).  Plaintiff has failed to show same, and as such any claim of false arrest is subject to dismissal without prejudice, subject to renewal should plaintiff be able to show acquittal or reversal of the criminal charges relevant to this suit.

In light of the foregoing, this case shall be dismissed.  A separate order follows.

<u>August 20, 2007</u>             <u>          /s/                         </u>
Date                                   William D. Quarles, Jr.
                                       United States District Judge

---

[2] A § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.